UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYLEE McCUTCHEN, *et al.*, | ) |
| Plaintiffs, | ) ) ) ) |
| v. | )  No. 21-cv-_____ |
| XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE COMPLAINT UNDER PSEUDONYM**

Plaintiffs respectfully request that the Court grant them leave to file their Complaint in this action, which identifies the next friends of those Plaintiffs who are minors solely by their initials, and which substitutes Plaintiffs' counsel's address for the residential addresses of the minor Plaintiffs.

Eight of the Plaintiffs in this action—M.A.C., G.H., K.M., N.P., M.S., J.T., A.G.W., and A.M.W.—are minors. The Federal Rules of Civil Procedure protect their identity from public disclosure. *See* Fed. R. Civ. P. 5.2(a)(3) (requiring minor children to be identified by initials only); LCvR 5.4(f)(2) (same). Each of the minor Plaintiffs is proceeding in this action through a next friend, who is either that Plaintiff's parent or guardian. The disclosure of the identity of the minor Plaintiffs' next friends, or of their residential addresses, would tend to reveal the identity of the minor Plaintiffs themselves. These Plaintiffs have disclosed sensitive details of their medical conditions in the Complaint, and accordingly they have a particularly strong interest in protecting their identities from public disclosure. Accordingly, Plaintiffs respectfully seek leave for the minor Plaintiffs' next friends also to proceed pseudonymously. If the Court grants this motion, Plaintiffs'

1

counsel will disclose the next friends' names and addresses to counsel for Defendants upon agreement by Defendants not to disclose Plaintiffs' identity to any individual or entity other than attorneys, employees, and experts employed by Defendants for the purposes of litigation of this case.

## BACKGROUND

Plaintiffs M.A.C., G.H., K.M., N.P., M.S., J.T., A.G.W., and A.M.W. are minors who are Medicaid beneficiaries and Tennessee residents.  Plaintiffs bring this action to challenge the approval by the Centers for Medicare & Medicaid Services ("CMS") of a Medicaid demonstration project known as "TennCare III."  In approving this project, CMS purported to exercise its authority under Section 1115 of the Social Security Act, 42 U.S.C. § 1315, to permit the State of Tennessee to divert federal funds away from payment for care under the Medicaid program.  CMS did so without affording a period of notice and comment that would have given Plaintiffs and their advocates the opportunity to object to various features of the TennCare III project.  Plaintiffs accordingly have brought this action to ask this Court to set aside the approval of the TennCare III project.  The minor Plaintiffs have brought this action through their parent or guardian acting as their next friend, as follows: (1) M.A.C., by her next friend, M.E.C.; (2) G.H., by his next friend, D.H.; (3) K.M., by his next friend, L.M.; (4) N.P., by her next friend, T.A.; (5) M.S., by her next friend, T.S.; (6) J.T., by his next friend, B.S.; (7) A.G.W., by her next friend, J.A.W.; and (8) A.M.W., by her next friend, J.K.W.  The Complaint recites sensitive details of the medical condition and treatment history of each of the minor Plaintiffs.

## ARGUMENT

The Federal Rules of Civil Procedure require that a complaint state the names of all the parties. Fed. R. Civ. P. 10(a).  The Local Rules of this Court similarly require that the first filing

2

by a party state in the caption the full name and address of the party. L.Cv.R. 5.1(c)(1), 11.1. Neither the Federal Rules of Civil Procedure nor the Local Rules contain provisions expressly addressing whether a party may litigate a case under pseudonym. However, several courts of appeal and this Court have allowed pseudonymous litigation. *See Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981); *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). Although "[t]he Supreme Court and the D.C. Circuit Court of Appeals have not expressly condoned this practice …, from time to time they have permitted pseudonymous litigation to proceed without comment." *Qualls*, 228 F.R.D. at 10; *see also Doe v. Sullivan*, 938 F.2d 1370, 1374 (D.C. Cir. 1991).

The D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019). When weighing these concerns, five factors serve as "guideposts from which a court ought to begin its analysis." *Id.* at 97. These five factors are:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> [3] the ages of the persons whose privacy interests are sought to be protected;
> [4] whether the action is against a governmental or private party; and, relatedly,
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.*; *see also Las Americas Immigrant Advocacy Ctr. v. Wolf*, No. 19-cv-3640 (KBJ), 2020 WL 7319297, at *2 (D.D.C. July 8, 2020) (citing *James*, 6 F.3d at 238).

Each of these five factors points in favor of permitting the next friends of the minor Plaintiffs to proceed by a pseudonym.  Plaintiffs seek to prevent the disclosure of information that is of a sensitive and highly personal nature.  Plaintiffs risk mental harm from the public disclosure of this information.  The risk is particularly acute given the young age of the minor Plaintiffs.  And there is no risk of unfairness to the governmental Defendants in this action.  Plaintiffs' privacy interests accordingly outweigh the public's presumptive interest in learning their identities in connection with this litigation.

I.  **Plaintiffs' Medical Care and Treatment Are Matters of a Sensitive and Highly Personal Nature that Warrant Protection of Their Privacy**

The factual circumstances underlying Plaintiffs' claims in the complaint require the minor Plaintiffs to (1) disclose that they are a recipient of Medicaid and (2) reveal detailed information regarding their medical conditions and medical treatment.  This information regarding the minor Plaintiffs' health status and medical conditions involves "a matter of [a] sensitive and highly personal nature" which Plaintiffs wish to remain private.  Although the minor Plaintiffs' names are protected from disclosure under the Federal Rules, *see* Fed. R. Civ. P. 5.2(a)(3) (requiring minor children to be identified by initials only); LCvR 5.4(f)(2) (same), the minor Plaintiffs would risk losing the protections of Rule 5.2(a) if their next friends' identities were to be disclosed.  Each of the minor plaintiffs is proceeding with a parent or guardian as his or her next friend, and the disclosure of the identity of that parent or guardian would very likely reveal the identity of the minor as well.

Plaintiffs also wish not to be identified as a Medicaid recipient, because they do not wish to be subjected to the social stigma that others may associate (misguidedly) with Medicaid recipients.  Federal courts have recognized that, and for this reason, Medicaid beneficiaries have an interest in proceeding pseudonymously in cases involving challenges to the administration of

4

state Medicaid programs.  *See Doe v. Kidd*, 501 F.3d 348 (4th Cir. 2007); *Rabin v. Wilson-Coker*, 362 F.3d 190 (2d Cir. 2004); *Johnson v. Guhl*, 357 F.3d 403 (3d Cir. 2004), *as amended* (Mar. 26, 2004); *Doe v. Chiles*, 136 F.3d 709 (11th Cir. 1998); *Med. Soc'y of State of N.Y. v. Toia*, 560 F.2d 535 (2d Cir. 1977).  Here too, the minor Plaintiffs request the Court protect their anonymity by allowing their individual next friends to proceed under pseudonym.

## II.     Federal Law Expressly Recognizes the Confidentiality of Medicaid Recipients' Health Information

The Medicaid Act expressly recognizes the confidentiality of the identity of Medicaid recipients and their medical information.  The statute instructs that state Medicaid agencies "provide safeguards which restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with … the administration of the [state] plan." 28 U.S.C. § 1396a(a)(7).  CMS has issued implementing regulations, which provide that "[a]ccess to information concerning applicants or recipients must be restricted to persons or agency representatives who are subject to standards of confidentiality that are comparable to those of the agency." 42 C.F.R. § 431.306(b).  The types of information regarding Medicaid recipients that must be safeguarded include "[n]ames and addresses," "[m]edical services provided," "[s]ocial and economic conditions or circumstances," and "[m]edical data, including diagnosis and past history of disease or disability."  *Id.* § 431.305(b).  Federal law thus strongly supports Plaintiffs' claim to protect the confidentiality of the minor Plaintiffs' medical conditions and medical histories.

## III.    The Protection of Plaintiffs' Anonymity Carries No Risk of Unfairness to Defendants

The protection of the minor Plaintiffs' privacy interests will not harm Defendants' interests or their ability to conduct the litigation in this case.  Plaintiffs are concurrently filing a reference list under seal that identifies the minors, their next friends, and their addresses.  If the Court grants

Plaintiffs' motion, Plaintiffs' counsel will disclose the reference list to counsel for Defendants upon an agreement by Defendants not to disclose Plaintiffs' identity to any individual or entity other than attorneys, employees, and experts employed by Defendants for the purposes of this case. Therefore, Defendants' ability to respond to Plaintiffs' allegations will not be unfairly limited. *See Las Americas Immigrant Advocacy Ctr.*, 2020 WL 7319297, at *3 (finding "risk of unfairness to the opposing party" where plaintiffs agreed to disclose identifying information to defendant's counsel under seal (quoting *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008)). Furthermore, because all of the Defendants are government agencies or officers, permitting the minor Plaintiffs' next friends to proceed under pseudonyms would not affect any private rights other than those of the Plaintiffs themselves. *See id*.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's request for leave to file the Complaint under pseudonym. A proposed order is attached.

Dated:  April 22, 2021

Gordon Bonnyman
Clay Capp
Catherine M. Kaiman
Laura Revolinski
Vanessa Zapata
TENNESSEE JUSTICE CENTER
211 7th Ave N, #100
Nashville TN 37219
(877)-608-1009
gbonnyman@tnjustice.org
ccapp@tnjustice.org
ckaiman@tnjustice.org
lrevolinski@tnjustice.org
vzapata@tnjustice.org

Respectfully submitted,

/s/ Joel McElvain
Joel McElvain (D.C. Bar No. 448431)
Ahsin Azim (*pro hac vice forthcoming*)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 626-2929
jmcelvain@kslaw.com
aazim@kslaw.com

Rebecca Gittelson (*pro hac vice forthcoming*)
KING & SPALDING LLP
1180 Peachtree Street NE, Ste. 1600
Atlanta, GA 30309
(404) 572-4600
rgittelson@kslaw.com

Jane Perkins
Catherine McKee
NATIONAL HEALTH LAW PROGRAM
1512 E. Franklin St., Ste. 110
Chapel Hill, NC 27514
(919) 968-6308 (x101)
perkins@healthlaw.org
mckee@healthlaw.org

*Counsel for Plaintiffs*