

FILED
APR 23 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRYLEE MCCUTCHEN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, *et al.*, <br><br> Defendants. | Case: 1:21−cv−01112 <br> Assigned To : Chutkan, Tanya S. <br> Assign. Date : 4/23/2021 <br> Description: Admin. Agency Review (C−DECK) <br><br> Civil Action No. <br><br> Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

The plaintiffs in this action have filed a motion to allow eight minor plaintiffs and the next friends suing on their behalf to proceed under pseudonym, and to substitute counsel's address for those of the minor plaintiffs. Pls.' Mot. for Leave to File Compl. Under Pseudonym ("Pls.' Mot.") at 1. Plaintiffs in this case include thirteen individuals with disabilities who rely on Medicaid coverage and challenge actions taken by the Centers for Medicare and Medicaid Services ("CMS") that they argue will negatively affect their access to healthcare. Compl ¶¶ 1, 6. Plaintiffs explain that because this case will disclose "sensitive details of their medical conditions," the minor plaintiffs and their next friends must be allowed to proceed under pseudonym to protect the children's privacy. Pls.' Mot. at 1. For the reasons set forth below, the plaintiffs' motion is granted, subject to any further consideration by the United States District Judge to whom this case is assigned.[1]

### I.   BACKGROUND

---

[1] *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to seal the complaint, motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

Plaintiffs in this case bring various challenges under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, to CMS's approval of a Tennessee Medicaid program ("TennCare III") that "cap[s] the amount of federal funding available for Medicaid services," allows Tennessee to keep a share of the savings achieved by spending below the cap, and "authorize[s] Tennessee to limit coverage of medically necessary prescription drugs." Compl. ¶ 6. Plaintiffs argue that in approving this program, CMS acted in excess of statutory authority, *id.* ¶¶ 303–06, acted in an arbitrary and capricious manner and abused its discretion, *id.* ¶¶ 307–12, and did not provide the notice-and-comment period required by the APA, *id.* ¶¶ 313–21. Among the plaintiffs are eight minors who have brought this action through a parent or guardian acting as next friend. Pls.' Mot. at 2. Plaintiffs have filed this motion to protect the sensitive information of the minor children in this case. *Id.* at 1.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is

a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure describe circumstances in which filings may be redacted and where access to public filings may be limited. FED. R. CIV. P. 5.2. Minors, for example, must be referred to using only their initials. FED. R. CIV. P. 5.2(a)(3). The court may also, for good cause, "require redaction of additional information." FED R. CIV. P. 5.2(e)(1).

Courts have also, in special circumstances, permitted a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *Id*. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id*. (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental

or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that the plaintiffs have met their burden of showing that the privacy interests of the minor children outweigh the public's presumptive and substantial interest in knowing the full names of the minor children and their parents or guardians. The public's interest in knowing the identities of these individuals is *de minimis* compared to the significant privacy interests of the minor plaintiffs whose sensitive medical information will be disclosed in the course of litigation.

The Federal Rules already provide the minor children themselves the protection of anonymity. FED. R. CIV. P. 5.2(a)(3) (requiring a minor child's initials to be substituted for her full name in court filings). Plaintiffs are concerned, however, that failing to extend that protection to the names of the children's parents or guardians, or requiring disclosure the plaintiffs' residential addresses, "would tend to reveal the identity of the minor Plaintiffs

4

themselves." Pls.' Mot. at 1; *see also id.* at 4 ("[T]he minor Plaintiffs would risk losing the protections of Rule 5.2(a) if their next friends' identities were to be disclosed."). Although it is the adults' names that will be hidden, the instant motion is primarily about protecting the privacy of the children. *See J.W. v. Dist. Of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016) (noting that when a parent files on behalf of a child who wishes to stay anonymous, their "privacy interests are intractably intertwined").

The first factor courts are instructed to consider when ruling on these kinds of motions plainly weighs in the plaintiffs' favor. The plaintiffs do not hope to avoid mere "annoyance" or "criticism," *Sealed Case*, 931 F.3d at 97, but instead seek to prevent revealing "detailed information regarding their medical conditions and medical treatment" as well as their status as Medicaid recipients. Pls.' Mot. at 4. This undeniably qualifies as a "sensitive and highly personal" matter. *Id*.

Second, while there is no alleged risk of *retaliatory* physical or mental harm and plaintiffs have not described any risk of "psychological damage" cognizable under this factor, *see J.W.*, 318 F.R.D. at 202, the Court places limited weight on this factor because plaintiffs have shown that the case involves "a matter of [a] sensitive and highly personal nature," *In re Sealed Case*, 931 F.3d at 97.

The third factor, "the ages of the persons whose privacy interests are sought to be protected," also weighs in favor of allowing the plaintiffs to proceed anonymously. *Sealed Case*, 931 F.3d at 97. As noted above, although the names that will be hidden are those of adults, this serves primarily to protect the privacy interests of minor children.

Fourth, the fact that this suit is against the government weighs in favor of denying plaintiffs' motion, but only very slightly. "[T]here is a heightened public interest when an

individual or entity files a suit against the government." *In re Sealed Case*, 971 F.3d at 329. There is nothing about these proceedings, however, that creates any need for transparency with respect to the plaintiffs' identities. *Cf. id.* (describing the public interest as "particularly great" where regulated entity sued government agency regarding "special exemptions" from statutory obligations). Here, plaintiffs are challenging government action, but primarily seek to vindicate their own rights and those of individuals similarly situated, and anonymity appears to be necessary to provide them the opportunity to vindicate those rights.

Fifth, allowing plaintiffs and their next friends to proceed under pseudonym will not prejudice defendants in any way. Plaintiffs will disclose to defendants a list identifying the minor plaintiffs, their next friends, and the relevant addresses, Pls.' Mot. at 5–6, so allowing these individuals to proceed under pseudonym will not compromise defendants' ability to defend this action and poses no "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

In sum, weighed against the minimal apparent interest in disclosure, the plaintiffs' significant interest in maintaining their anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings. Any public interest in disclosing the identities of the minor plaintiffs' next friends is significantly outweighed by the privacy interests of the minor plaintiffs involved in this case. Indeed, the protection of that very privacy interest is enshrined in the Federal Rules of Civil Procedure. FED. R. CIV. P. 5.2(a)(3). *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to File Complaint Under Pseudonym is GRANTED, and the plaintiffs may proceed herein using only the initials of the minor plaintiffs and the initials of the minor plaintiffs' next friends, and may substitute the minor plaintiffs' addresses with that of their counsel; it is further

**ORDERED** that the real names of the minor plaintiffs, as well as the real names and of their next friends and their addresses, shall remain under seal until further order of the Court and therefore plaintiffs' Motion for Leave to File Under Seal a reference list identifying the minor plaintiffs, their next friends, and their addresses is GRANTED and it is further

**ORDERED** that any document that could reveal the identity of the minor plaintiffs or the minor plaintiffs' next friends—including, but not limited to, documents revealing their addresses or other identifying information—shall be filed under seal, with a redacted public filing made simultaneously or promptly thereafter; and it is further

**ORDERED** that defendants are prohibited from publicly disclosing the minor plaintiffs' identities or any personal identifying information that could lead to the identification of those plaintiffs by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: April 23, 2021

_____
BERYL A. HOWELL
Chief Judge