## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
BRYLEE MCCUTCHEN, *et al.*,                 )
)
)
                              Plaintiffs,   )
)
              v.                            )          No. 1:21-cv-01112-TSC
)
XAVIER BECERRA, Secretary                   )
of Health and Human Services, *et al.*,     )
)
                              Defendants.   )
_____ )

## FEDERAL DEFENDANTS' UNOPPOSED
## MOTION TO HOLD THIS CASE IN ABEYANCE

Defendants Xavier Becerra, in his official capacity as Secretary of Health and Human

Services, the United States Department of Health and Human Services, the Centers for Medicare

& Medicaid Services ("CMS"), and Chiquita Brooks-LaSure, in her official capacity as

Administrator of CMS (collectively, "Federal Defendants" or the "agency"), by and through

undersigned counsel, respectfully move the Court to hold this case in abeyance while the agency

reopens the federal comment period on the Medicaid demonstration approval challenged in this

lawsuit and reconsiders the challenged decision.  Federal Defendants respectfully submit that

good cause exists for the requested extension, as explained below:

1.      Plaintiffs filed this action on April 23, 2021, challenging a January 8, 2021

decision by the agency to approve a Medicaid demonstration project known as "TennCare III"

under Section 1115 of the Social Security Act, 42 U.S.C. § 1315(a).  *See* Complaint, ECF No. 4.

Plaintiffs filed an Amended Complaint shortly thereafter.  *See* Am. Compl. ECF No. 23.

1

Plaintiffs raise various substantive and procedural challenges to the agency's January 8 decision, including challenges to the adequacy of the federal notice-and-comment proceedings undertaken in connection with the TennCare III project.  *See id.*

2.     On June 22, 2021, Federal Defendants sought a sixty-day extension of time to respond to the Amended Complaint so that the agency's new leadership could familiarize themselves with the issues in the case, and consider whether any further action should be taken with respect to the January 8, 2021 decision challenged herein.  *See* Fed. Defs.' Mot. for Extension, ECF No. 28.  The Court granted that request, and as a result, Federal Defendants' response to the Amended Complaint is currently due on August 27, 2021.

3.     After further review, and after discussions with plaintiffs, the agency has decided to open a new 30-day federal comment period using the procedures set forth in 42 CFR § 431.416(b) in order to receive input from the public on the TennCare III demonstration approved on January 8, 2021, and to publish on its website the comments that it received from the public during this period.  Thereafter, within a reasonable amount of time following close of the new comment period, the agency intends to issue a decision with respect to whether it will make any changes to its approval of the TennCare III demonstration based on comments received and considered.  The January 8, 2021, approval decision will remain in effect during this process. While the agency does not yet know whether the new decision will modify that prior approval decision, or the extent of any such modification, the agency believes that this procedure may narrow the issues in the case.

4.     Federal Defendants accordingly ask the Court to hold this case in abeyance in order to allow time for the agency to undertake this new comment period, and issue a decision.

2

Plaintiffs have agreed to hold their case in abeyance pending the new comment period and the issuance of a decision within a reasonable amount of time thereafter.

5.      It is well-settled that "administrative agencies have inherent power to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008). When an agency wishes to reconsider its decision, it should "move the district court to remand or to hold the case in abeyance pending reconsideration by the agency." *Id.* (citing *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962)). The agency need not confess error or cite intervening events to justify such relief. *See SKF USA Inc. v. United States*, 254 F.3d 1022, 1027 (Fed. Cir. 2001). Rather, such motions should be granted so long as there are "substantial and legitimate" reasons to do so.[1] *See id.*; *see also Ethyl Corp. v. Browner*, 989 F.2d 522, 524 & n.3 (D.C. Cir. 1993).

6.      Under these standards, there are ample grounds to grant the abeyance requested here. The agency has "substantial and legitimate" reasons for the request because it intends to open a new comment period and issue a new decision pertaining to the previously-approved TennCare III demonstration project. *See FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015) (granting remand and stay "while [agency] undertakes a new notice-and-comment process and reevaluates potential alternatives"). Allowing time for that process to play out may

---

[1] Although the cited cases primarily address reconsideration through voluntary remand, there is no reason to suppose a different standard applies to a motion to hold the case in abeyance, which is just another way of achieving the same result. *See FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015) (noting that an agency wishing to reconsider its decision may either seek remand or to hold the case in abeyance) (citing *Anchor Line Ltd.*, 299 F.2d at 125); *Franciscan All., Inc. v. Price*, No. 7:16-CV-00108-O, 2017 WL 3616652, at *4 (N.D. Tex. July 10, 2017, at *5 (analyzing remand and stay/abeyance together under the same standards).

narrow the issues before the Court. By contrast, forging ahead with litigation while that process is ongoing would be inefficient because it is not yet clear what the agency's final decision will be. *See id.* (finding that judicial economy justified remand and stay during new notice and comment process). Finally, no party will be "unduly prejudiced" by granting the requested abeyance. *See Am. Forest Res. Council v. Ashe*, 946 F.Supp.2d 1, 47 (D.D.C.2013). Should the parties be dissatisfied with whatever decision emerges from the new comment process, they will have the opportunity to raise their challenges at the appropriate time. *See FBME*, 142 F. Supp. 3d at 73 ("Should FinCEN decide to again promulgate a rule adverse to FBME, then FBME will have the opportunity to challenge the amended rule before this Court.")

7.      Pursuant to Local Rule 7(m), the undersigned counsel has contacted Plaintiffs' counsel and, as noted above, was informed that Plaintiffs consent to the relief sought in this Motion. The undersigned also contacted counsel for the Intervenor-Defendant, the State of Tennessee. Tennessee's position is as follows: "Tennessee does not believe that any additional comment period is required; however, it will not oppose Defendants' requested abeyance."

8.      A proposed order is attached.

WHEREFORE, Defendant's motion to hold this case in abeyance pending a new comment period and subsequent agency decision, should be granted.

4

Dated: August 11, 2021                    Respectfully submitted,

                                          BRIAN M. BOYNTON
                                          Acting Assistant Attorney General

                                          MICHELLE R. BENNETT
                                          Assistant Branch Director
                                          Civil Division

                                           /s/ Peter M. Bryce
                                          PETER M. BRYCE
                                          Illinois Bar No. 6244216
                                          Senior Trial Counsel
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          1100 L Street, NW, Room 11106
                                          Washington, D.C. 20005
                                          Tel: (202) 616-8335
                                          Fax: (202) 616-8470
                                          E-mail: peter.bryce@usdoj.gov

                                          *Attorney for Federal Defendants*