UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYLEE MCCUTCHEN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, Secretary<br>of Health and Human Services, *et al.*,<br><br>Defendants. | No. 1:21-cv-01112-TSC |

**FEDERAL DEFENDANTS' UNOPPOSED MOTION FOR VOLUNTARY REMAND**

Defendants Xavier Becerra, in his official capacity as Secretary of Health and Human Services (the "Secretary"), the United States Department of Health and Human Services, the Centers for Medicare & Medicaid Services ("CMS"), and Chiquita Brooks-LaSure, in her official capacity as Administrator of CMS (collectively, "Federal Defendants" or the "agency"), by and through undersigned counsel, respectfully move the Court for voluntary remand of no longer than 60 days so that the Secretary can revisit the challenged decision and, at a minimum, provide additional explanation in support of that decision. In support of this Motion, Federal Defendants respectfully state as follows:

**BACKGROUND**

1. Plaintiffs filed this action on April 23, 2021. The complaint, ECF No. 4 (the "Complaint"), and the amended complaint, ECF No. 23 (the "Amended Complaint"), challenged a January 8, 2021 decision by the agency to approve a Medicaid demonstration project known as

1

"TennCare III" for the state of Tennessee. *See* Letter from Seema Verma, Adm'r, Ctrs. for Medicare & Medicaid Servs., to Stephen Smith, Dir., TennCare, Tenn. Dep't of Fin. and Admin. (Jan. 8, 2021), https://www.medicaid.gov/medicaid/section-1115-demonstrations/downloads/tn-tenncare-ii-cms-demo-appvl-01082021.pdf (the "2021 Approval"). TennCare III is the latest iteration of TennCare, the Medicaid program through which Tennessee provides medical assistance to Medicaid-eligible low-income individuals and certain other individuals who would not otherwise qualify for Medicaid. *Cookeville Reg'l Med. Ctr. v. Leavitt*, 531 F.3d 844, 845 (D.C. Cir. 2008). Like prior iterations, TennCare III was approved under Section 1115 of the Social Security Act, which permits the Secretary to waive certain Medicaid statutory requirements for an approved project that, in his judgment, is likely to assist in promoting the objectives of Medicaid.[1] *See* 42 U.S.C. § 1315(a).

    2.  As approved in 2021, TennCare III continued certain aspects of prior TennCare demonstration projects, but it also added significant new features. In particular, TennCare III added a new "aggregate cap" and "shared savings" financing structure. The Secretary emphasized this new structure in his approval decision when he found that TennCare III was likely to promote the objectives of Medicaid. *See, e.g.*, 2021 Approval, at 10 ("By operating under this financing approach, the state is able to better manage its limited resources in such a way that may result in achieving savings, which in turn can be used to pay for expanded state health programs, subject to the parameters of the STCs."). TennCare III also adopted a closed

---

[1] Medicaid is a joint federal and state program that funds health care services for certain low income and disabled individuals. *United States ex rel. Davis v. District of Columbia*, 679 F.3d 832, 834 (D.C. Cir. 2012).

prescription drug formulary, which authorized Tennessee to limit coverage of certain medications. *Id.* at 5-6. CMS approved TennCare III for a ten-year period. *Id.* at 1, 5.

      3.      Plaintiffs' Complaint and Amended Complaint raised various substantive and procedural challenges to the TennCare III approval under the Administrative Procedure Act ("APA"). Plaintiffs raised concerns about the new "aggregate cap" financing structure as well as the closed drug formulary. They also raised concerns about the 10-year approval period, as well as features that had been continued from prior iterations of TennCare, such as a waiver of the requirement to provide three months retroactive eligibility. Procedurally, Plaintiffs challenged the adequacy of the notice-and-comment process undertaken in connection with the TennCare III approval. Plaintiffs' Amended Complaint included three counts under the APA, asserting that: (1) the agency acted in excess of statutory authority, ECF No. 23 ¶¶ 310-313; *see also id.* ¶¶ 128-131; (2) the approval was arbitrary and capricious, *id.* ¶¶ 314-19; and (3) the agency did not follow the required public notice-and-comment procedures under Section 1115, *id.* ¶¶ 320-28.

      4.      Before Federal Defendants had answered or otherwise responded to Plaintiffs' claims, counsel for Plaintiffs contacted the undersigned counsel for Federal Defendants with a proposal for further proceedings. Plaintiffs' counsel stated that they would agree to hold the case in abeyance if Federal Defendants would reopen a new notice-and-comment period and issue a new decision with respect to TennCare III after considering the comments submitted. Federal Defendants agreed to Plaintiffs' proposal. Federal Defendants accordingly filed a motion to hold the case in abeyance so that they could conduct the contemplated notice-and-comment proceedings. *See* ECF No. 29. The Court granted that motion. Minute Order, Aug. 11, 2021 (stating that the action is "STAYED pending the outcome of the new comment period pertaining to the challenged agency decision of January 8, 2021").

5. As suggested by Plaintiffs, the agency thereafter opened a new federal comment period. In June 2022, after the close of the comment period, and after reviewing and considering the comments submitted, the agency sent a letter to Tennessee, expressing concern about certain aspects of TennCare III and requesting that Tennessee submit an amendment to address these concerns. *See* Letter from Daniel Tsai, Deputy Adm'r, Ctrs. for Medicare & Medicaid Servs., to Stephen Smith, Dir., TennCare, Tenn. Dep't of Fin. and Admin. (Jun. 30, 2022), https://www.medicaid.gov/medicaid/section-1115-demonstrations/downloads/tn-tenncare-iii-cms-ltr-06302022.pdf (the "June 30th Letter"). The agency asked the state to "[s]ubmit a new financing and budget neutrality model, based on a traditional per member per month cap instead of an aggregate cap." *Id.* at 1. The agency also asked Tennessee to remove the authorization to use a closed drug formulary. These aspects of TennCare III had been a significant focus of Plaintiffs' challenges in the Complaint and Amended Complaint. *See, e.g.*, ECF No. 23, ¶¶ 4, 6, 126-141. Tennessee submitted the requested amendment.

6. The agency approved the amendment on August 4, 2023, after conducting another round of notice-and-comment in accordance with applicable procedures. *See* Letter from Daniel Tsai, Deputy Adm'r, Ctrs. for Medicare & Medicaid Servs., to Stephen Smith, Dir., TennCare, Tenn. Dep't of Fin. and Admin. (Aug. 4, 2023) https://www.medicaid.gov/medicaid/section-1115-demonstrations/downloads/tn-tenncare-iii-appvl-08042023.pdf (the "2023 Amendment Approval"). The amendment approval changed TennCare III from an aggregate cap/shared savings financing structure to a more traditional financing structure, and it also withdrew authority for the closed formulary. *See id*. *See also* Supp. Compl., ECF No. 37, ¶¶ 112-113.

7. In a joint status report filed on September 5, 2023, Plaintiffs acknowledged that the new approval decision had addressed some of the concerns raised in the Amended

Complaint, but stated that it did not address "all" their concerns, "notably the 10-year time span" of TennCare III and the "waiver of three months' retroactive coverage." ECF No. 32, ¶¶ 6-10. In a joint status report filed November 3, 2023, Plaintiffs noted their intent to file a supplemental complaint, and to submit a motion for leave to do so by December 22, 2023. *Id.* ¶ 13. On December 22, 2023, without opposition from Federal Defendants or Intervenor Defendant Tennessee, Plaintiffs moved for leave to file the supplemental complaint, ECF No. 36, which the Court granted, *see* Minute Order, Dec. 27, 2023.

8. The supplemental complaint (the "Supplemental Complaint") now challenges the approval of TennCare III, "as amended." *See* Supp. Compl. ¶¶ 10-11. Most of the original fifteen Plaintiffs are no longer plaintiffs, and the remaining six have now been joined by a new plaintiff, an individual who claims injury based on the waiver of retroactive coverage. *Id.* ¶¶ 169-175. Plaintiffs now focus their challenges on the waiver of retroactive coverage and the 10-year term of the approval. Among other things, the Supplemental Complaint repeatedly alleges that the Secretary did not provide adequate explanation for his decision to approve TennCare III, as amended. Supp. Compl. ¶¶ 10, 114, 187, 193.

9. Federal Defendants now hereby move for voluntary remand to the agency so that it can revisit the challenged decision and, at a minimum, provide additional explanation for the decision to approve TennCare III, as amended.

**DISCUSSION**

10. Administrative agencies have inherent power to reconsider their own decisions through a voluntary remand. *Code v. McHugh*, 139 F. Supp. 3d 465, 468 (D.D.C. 2015). The standards applicable to an agency's voluntary remand motion "generally favor remand." *Friends of Animals v. Williams*, 628 F. Supp. 3d 71, 75–76 (D.D.C. 2022). The agency need not confess

error or cite intervening events to justify such relief. *See SKF USA Inc. v. United States*, 254 F.3d 1022, 1027 (Fed. Cir. 2001). "[I]t must simply present a reason for reconsideration that is not frivolous or in bad faith." *See Friends of Animals*, 628 F. Supp. 3d at 76 (citation omitted). "In general . . . '[w]hen an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons.'" *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73 (D.D.C. 2015) (citation omitted). The reviewing court should also "consider whether remand would unduly prejudice the non-moving party." *See Friends of Animals*, 628 F. Supp. 3d. at 76 (citing *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018)).

11. Here, voluntary remand is warranted because the agency intends to revisit the challenged decision and, at a minimum, provide additional explanation for its August 4, 2023 decision to approve TennCare III, as amended. In other words, the agency "intends to take further action with respect to the original agency decision on review." *Friends of Animals*, 628 F. Supp. 3d at 76. Courts "usually" grant remand motions in such circumstances. *Id.* And courts have repeatedly granted voluntary remand where, as here, the agency intends to provide additional explanation pertaining to a challenged decision. *See Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, No. CV 22-1877 (RDM), 2023 WL 8190792, at *1 (D.D.C. Nov. 26, 2023) (granting voluntary remand to reconsider decision and "to provide additional explanation for the decision reached"); *Conservation L. Found. v. Ross*, No. CV 18-1087 (JEB), 2019 WL 1359284, at *3 (D.D.C. Mar. 26, 2019) (granting voluntary remand so the agency could provide further explanation for one of its challenged decisions); *Clean Wisconsin v. Env't Prot. Agency*, 964 F.3d 1145, 1175 (D.C. Cir.) (per curiam) (granting remand to allow agency to provide "additional explanations of the . . . designations").

12. There are thus substantial and legitimate reasons for a voluntary remand, and the agency's request is neither frivolous nor in bad faith. The various legal challenges raised in Plaintiffs' Supplemental Complaint are based, in significant part, on an alleged lack of sufficient explanation for the challenged decision. *See*, *e.g.*, Supp. Compl. ¶¶ 10, 114, 187, 193. While the agency does not concede that those challenges have merit, the Secretary has nonetheless decided voluntarily to address the stated concerns by providing additional explanation for its decision to approve TennCare III in its modified form. Courts routinely grant voluntary remand where, as here, the agency intends to take action to address an alleged error. *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 & n.3 (D.C. Cir. 1993) (citing cases). To do otherwise would improperly impede the Secretary's efforts to address issues that Plaintiffs themselves are raising in the litigation. *Citizens Against the Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (it may be "an abuse of discretion to prevent an agency from acting to cure the very legal defects asserted by plaintiffs challenging federal action").

13. There is certainly nothing to be gained from litigating the sufficiency of the agency's explanation where, as here, the agency has already decided to provide additional explanation. To the contrary, if Plaintiffs were to fully litigate and prevail on their challenge to the adequacy of the agency's explanation, they would receive exactly what the Secretary is now proposing to do voluntarily. Although Plaintiffs' Supplemental Complaint asks the Court to "vacate" approval of TennCare III, as amended, ECF No. 32, "PRAYER FOR RELIEF," ¶ 2, the proper remedy for any deficiency in explanation would simply be a remand to the agency for additional explanation. As the Supreme Court has made clear, if the administrative "record before the agency does not support the agency action . . . or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course,

except in rare circumstances, is to remand to the agency for *additional investigation or explanation*." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (emphasis added). *See also Ctr. for Biological Diversity*, 2023 WL 8190792, at *1 (granting voluntary remand where, "if Plaintiffs are successful, relief from the Court would lead to the same result that Plaintiffs now oppose: remand of the listing decision to the Service for further consideration").

14. Moreover, the Secretary's good faith is also apparent in his conduct throughout this litigation. At Plaintiffs' suggestion, the Secretary agreed to open a new notice-and-comment period, thereby mooting any challenges to the adequacy of the comment period preceding the original January 2021 approval. But the Secretary went further. After opening the new comment period, he affirmatively acted on many of the comments, working with Tennessee to make substantial changes to TennCare III. As noted, the Secretary's August 2023 approval removed the "aggregate cap and shared savings" financing structure that was a primary focus of the Amended Complaint, *see*, *e.g.*, Am. Compl. 23, ¶¶ 6, 126-133, 146, 295. It also removed the closed formulary that imposed limitations on prescription drug coverage, and that was also a significant focus of the Amended Complaint. *See*, *e.g.*, *id.* ¶¶ 6, 135-141, 296, 308. These changes too mooted a great deal of the concerns alleged in the Complaint and Amended Complaint and have led to nine of the original fifteen plaintiffs dropping out of the litigation.

15. Indeed, additional explanation would be helpful precisely because the Secretary (in cooperation with Tennessee) has now made such significant changes to TennCare III. The agency's original, January 2021 determination that the demonstration project would likely promote the objectives of Medicaid was based in significant part on aspects of the project that the Secretary has now removed after the new notice-and-comment period. *See* 2021 Approval, at 9-10. In the Supplemental Complaint, Plaintiffs now challenge the Secretary's explanation to

approve TennCare III, as amended, asserting that the Secretary did not adequately explain why he did not remove other aspects of TennCare III. *See* Supp. Compl. ¶¶ 10, 114, 187, 193. Given that the approved project, as a whole, has changed dramatically, it makes sense for the Secretary to revisit the demonstration project, as now modified, and at a minimum, provide additional, updated explanation for its decision.

16. For these reasons, granting the voluntary remand sought here would further the interest of judicial economy. It would allow the agency voluntarily to supply information that Plaintiffs claim is required, thereby obviating the need to litigate those issues. *See Conservation L. Found. v. Ross*, No. CV 18-1087 (JEB), 2019 WL 1359284, at *2 (D.D.C. Mar. 26, 2019) ("*Ross*") (granting voluntary remand in part because agency's intent to provide additional explanation "could spare a full round of summary-judgment briefing and the Court's subsequent opinion"). The additional explanation will also shed more light on the rationale for the Secretary's decision to approve TennCare III, as amended, and thus facilitate any subsequent briefing and judicial review.

17. Finally, granting voluntary remand would not cause undue prejudice to the other parties. *See FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d at 73 (stating that the "question for the Court is . . . whether a voluntary remand would conserve the Court's and the parties' time and resources, without causing undue prejudice"). To the contrary, as explained above, voluntary remand would afford Plaintiffs the same relief they would receive if they were to prevail on their challenges to the sufficiency of the Secretary's explanation. And it would afford Plaintiffs that relief faster than they could obtain it by litigating, and without the need for briefing or a judicial decision on the issue. The requested remand would also not unduly prejudice Intervenor

Defendant Tennessee. Indeed, as noted below, neither Plaintiffs nor Intervenor Defendant Tennessee oppose the Secretary's motion for voluntary remand.

18. To further eliminate any conceivable prejudice, and as reflected in the attached proposed order, the Secretary is willing to complete the remand on an accelerated basis, in no more than sixty days from the date of the Court's remand order. During that 60-day time period, moreover, the Court could retain jurisdiction, thereby obviating any need to file a new lawsuit if Plaintiffs still wish to pursue litigation after remand.

19. Pursuant to Local Rule 7(m), the undersigned counsel contacted counsel for Plaintiffs and counsel for Intervenor Defendant Tennessee. Plaintiffs consent to the relief sought in this Motion. Tennessee does not oppose the relief sought in this motion "so long as TennCare III will remain in effect in its current form during the remand. Likewise, Tennessee reserves all of its rights to challenge any potential modification to TennCare III as a result of the voluntary remand, should CMS attempt to modify any portion of TennCare III."

20. A proposed order is attached.

WHEREFORE, Federal Defendants respectfully submit that the motion for voluntary remand should be granted.

Dated: April 23, 2024                             Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General

                                                  MICHELLE R. BENNETT
                                                  Assistant Branch Director
                                                  Civil Division

                                                   /s/ Peter M. Bryce
                                                  PETER M. BRYCE
                                                  Illinois Bar No. 6244216
                                                  Senior Trial Counsel
                                                  United States Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  1100 L Street, NW, Room 11106
                                                  Washington, D.C. 20005
                                                  Tel: (202) 616-8335
                                                  Fax: (202) 616-8470
                                                  E-mail: peter.bryce@usdoj.gov

                                                  *Attorney for Federal Defendants*